IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-30001-002 |
| ) | |
| **ROBERT D. MCKISSIC,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Robert McKissic's pro se motion for Compassionate Release (d/e 91) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On August 27, 2004, Defendant Robert McKissic was sentenced to 60 months' imprisonment for committing bank robbery by force or violence in a related case filed in the Central District of Illinois, case no. 04-cr-30028. On August 15, 2008, Defendant began his term of supervised release. On May 2, 2011, his supervised release was revoked, and he was sentenced to 10

months' imprisonment. On January 10, 2012, his supervised release recommenced. However, a petition to revoke his supervised release was filed alleging that Defendant violated his mandatory condition by committing armed bank robbery on two separate occasions and attempted armed bank robbery on another occasion.

New federal charges were brought against Defendant for that same conduct in this case. On April 30, 2013, Defendant McKissic pled guilty to Counts 1 and 3 of the Indictment. Count 1 and Count 3 charged Defendant with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2. On August 26, 2013, Defendant was sentenced to 119 months' imprisonment on Counts 1 and 3 to be served concurrently with each other. Defendant was also sentenced to a 3-year term of supervised release.

On the same day, Defendant's supervised release was revoked in the related federal case, case no. 04-cr-30028. Defendant was sentenced to 21 months' imprisonment to run consecutive to the sentence imposed in this case. Defendant did not receive any additional term of supervised release.

Defendant is currently serving his sentence in FCI Herlong. He has a projected release date of December 3, 2022. As of September 17, 2020, FCI Herlong has one inmate COVID-19 case. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed September 17, 2020). Two inmates and three staff members have recovered from the disease. Id.

On August 10, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 91. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic.

On August 21, 2020, the Government filed its response opposing Defendant's motion. See d/e 95. The Government argues that Defendant is not entitled to a reduction in his sentence.

On September 3, 2020, the Court held a video hearing on Defendant's motion, at which the Court spoke to Defendant McKissic and heard oral arguments from counsel. Thereafter, the hearing was continued to allow Defendant to file additional medical records supporting his arguments. A second hearing was held on September 9, 2020. At the second hearing, the Court heard

additional arguments from counsel and Defendant McKissic. Defense counsel presented a new release plan, one which had not been previously investigated by the U.S. Probation Office. At the conclusion of the hearing, the Court denied Defendant's motion for compassionate release for the reasons discussed below.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language of 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release after exhausting administrative review of a BOP denial of the

inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, the Government admits that Defendant had submitted a request for compassionate release to his BOP facility on July 13, 2020, and the warden denied the request on August 6, 2020. See d/e 95, p. 7-8. The Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and

compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.  However, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment.

Defendant is currently incarcerated at FCI Herlong.  As of September 17, 2020, FCI Herlong has only one active COVID-19 case among inmates.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed

September 17, 2020).  Two inmates and three staff members have recovered from the disease.  Id.

Defendant McKissic is a 40-year-old African American male who has essential hypertension.  See d/e 95-1, 97.  Defendant is classified as obese as he is 6'2" and the medical records indicate he is 290 pounds, resulting in a BMI of 37.2.  See d/e 95-1, p. 114; Adult BMI Calculator, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last accessed September 17, 2020).  Defendant also has a history of chronic sinus infections and has sleep apnea.  See d/e 95-1, 97.  Obesity increases the risk that a person will suffer severe complications from COVID-19.  People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed September 17, 2020).  The Government concedes that, given the COVID-19 pandemic, Defendant's obesity constitutes an extraordinary and compelling reason that may serve as the basis for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Just because the Government concedes that a medical condition is an

extraordinary and compelling reason, does not mean Defendant is entitled to compassionate release.

Although Defendant has hypertension, the hypertension appears controlled by medication. See d/e 95-1, 97. The CDC has indicated that hypertension *may* increase Defendant's risk for serious illness if he contracts COVID-19, unlike the conditions which are known to increase the risk. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed September 17, 2020).

The Court, however, notes that a BOP doctor ordered Defendant's blood pressure to be monitored weekly for 90 days. The Court is concerned that the physician's order to monitor Defendant's blood pressure has not been followed.

Finally, the Court must consider the factors set out in 18 U.S.C. § 3553(a). Defendant is currently serving a combined 140-month sentence for armed bank robbery and attempted armed bank robbery. Defendant was on supervised release for armed robbery at the time he committed the instant offenses of armed robbery. Defendant has a year and a half to serve on his sentence as his

projected release date is December 3, 2022. Defendant has an extensive history of violence, and BOP has assessed Defendant at a high recidivism level. See d/e 95-1, p. 161. Since being incarcerated, Defendant has completed numerous educational classes. See d/e 95-1, p. 159. However, he has committed several disciplinary infractions during his current incarceration. See d/e 95-1, p. 156-57. The Court has considered the factors in § 3553(a) and concludes that they do not entitle Defendant to compassionate release. The Court also finds that Defendant is still a danger to the community.

The Court finds that Defendant has failed to submit a suitable proposed release plan or proposed transportation if released. Without a release plan and plan for transportation, the U.S. Probation Office cannot make a recommendation and Defendant cannot safely be released into the community.

The Court, taking all the relevant facts into account, finds that Defendant has not established the existence of extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Robert McKissic's pro se motion (d/e 91) is DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change. If it has jurisdiction, the Court DIRECTS the Bureau of Prisons to monitor Defendant's blood pressure on a weekly basis as ordered by his physician. The Clerk is DIRECTED to send a copy of this Opinion to FCI Herlong.

ENTER: September 17, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE